UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIKON CORPORATION,

        Plaintiff,

       v.

GLOBALFOUNDRIES U.S., INC.,

        Defendant.

Case No.17-mc-80071-SVK

**ORDER TO SHOW CAUSE WHY
DISCOVERY SHOULD NOT BE
ORDERED PURSUANT TO
28 U.S.C. § 1782**

Re: Dkt. No. 1

The Court has reviewed Nikon Corporation's ("Nikon") [1] application for an order to show cause before this Court why an order should not be issued pursuant to 28 U.S.C. § 1782 permitting Nikon to compel production of documents pursuant to subpoena,[2] to be issued by Nikon's attorneys and served upon GlobalFoundries. ECF 1. Having considered the application and in the interest of efficiency, the Court issues an order to show cause why Nikon's application should not be granted at a hearing on **July 11, 2017, at 10:00 a.m**., in Courtroom 6 on the 4th Floor of the San Jose Courthouse, 280 South First Street, San Jose, California. Nikon shall complete service of both its application and this Order by **June 15, 2017.** Nikon shall file a proof of service with the court by **June 16, 2017.**

Under 28 U.S.C. § 1782, this Court may order discovery for use in a proceeding in a foreign or international tribunal. 28 U.S.C. § 1782(a). Pursuant to the statute, a party in the foreign litigation may seek such discovery by filing an *ex parte* application. *Id*. In such an

---

[1] The Court acknowledges and discloses that the undersigned represented Nikon in a single matter in 2001. ECF 5. That representation ended over ten years ago and does not bear on the Court's ability to be impartial in this matter.
[2] Attached as Exhibit B to the Application For an Order Directing GlobalFoundries U.S. Inc. ("GlobalFroundries") to Respond to Requests For Documents Pursuant to 28 U.S.C. § 1782 For Use in Foreign Proceedings, dated June 5, 2017 ("U.S. Subpoena").

United States District Court
Northern District of California

instance, the court would grant or deny the application after considering the relevant factors listed

below.  If the court grants the application, the responding party would then be able to object to the

issued discovery requests, and the parties may return to court on a discovery motion such as a

motion to compel or motion to quash in order to resolve the dispute.  In order to avoid the

inevitable subsequent motions and to allow the Court to make a decision on a more complete

record, the Court orders GlobalFoundries to show cause as described below in response to Nikon's

application.

Preliminarily, the Court orders GlobalFoundries to file any opposition to Nikon's

application under Section 1782.  There are three statutory prerequisites for discovery pursuant to

Section 1782 to be granted: (1) the person from whom discovery is sought must reside or be found

in the district of the district court where the application is made; (2) the discovery must be for use

in a proceeding before a foreign tribunal; and (3) the application must be made by the foreign

tribunal or "any interested person." 28 U.S.C. § 1782.

However, simply because a court has the authority under Section 1782 to grant an

application does not mean that it is required to do so.  *See Intel Corp. v. Advanced Micro Devices*,

542 U.S. 241, 264 (2004). The Supreme Court has identified several factors that a court should

take into consideration in ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*In re Chevron Corp., No*. M-19-111, 2010 U.S. Dist. LEXIS 47034, at \*16 (S.D.N.Y. May 10,

2010); *see also Intel*, 542 U.S. at 264-65.

GlobalFoundries's opposition should address both the Section 1782 statutory factors and

the *Intel* factors.  GlobalFoundries shall file its opposition, if any, by **June 28, 2017**. Nikon may

file its reply by **July 3, 2017**.

2

1    The Court also orders the parties to meet and confer on the validity and scope of the

2  U.S. Subpoena under the Federal Rules of Civil Procedure.  The parties shall submit a joint letter

3  brief that, for each disputed request, sets forth side-by-side each party's position including any

4  proposed compromise.  The parties shall submit the joint letter brief by **June 30, 2017.**

5    In addition, the parties shall meet and confer regarding a protective order.  Should the

6  parties require the Court's assistance regarding a protective order, the parties shall submit their

7  respective proposed protective orders redlined against the Court's model protective order by

8  **July7, 2017.**

9

10    **SO ORDERED.**

11  Dated: 6/13/2017

12

13  _____

14  SUSAN VAN KEULEN
    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28