**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLICATION PURSUANT TO 28 U.S.C. § 1782 BY NIKON CORP., <br><br> Petitioner, <br><br> v. <br><br> GLOBALFOUNDRIES U.S., INC., <br><br> Respondent. | Case No. 17-mc-80071-BLF <br><br> **ORDER GRANTING RESPONDENT'S MOTION TO STAY PENDING DISPOSITION OF RESPONDENT'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER; SUBMITTING RESPONDENT'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER FOR DISPOSITION WITHOUT ORAL ARGUMENT; AND VACATING HEARING SET FOR FEBRUARY 1, 2018** <br><br> [Re: ECF 27, 28, 35, 43] |

In this miscellaneous action filed pursuant to 28 U.S.C. § 1782, Petitioner Nikon Corporation ("Nikon") filed an application for leave to take discovery from Respondent GlobalFoundries U.S., Inc. ("GlobalFoundries") for use in foreign proceedings. Applic., ECF 1. The application was granted by Magistrate Judge Susan van Keulen, who ordered GlobalFoundries to produce the discovery in question by October 2, 2017.

Before the Court are GlobalFoundries' Motion for De Novo Review of Judge van Keulen's order (ECF 27); Motion to Stay (ECF 28); Administrative Motion to Stay (ECF 35); and Emergency Administrative Motion for an Interim Stay (ECF 43). The Court finds these motions appropriate for disposition without oral argument. *See* Civil Local Rule 7-1(b). For the reasons discussed below, the Motion to Stay is GRANTED; the Administrative Motion to Stay and Emergency Administrative Motion for an Interim Stay are terminated as MOOT; the Motion for De Novo Review is SUBMITTED for disposition; and the hearing set for February 1, 2018 is VACATED.

## I. BACKGROUND

Nikon makes microlithography systems, which are used in semiconductor fabrication. Nikon claims that its competitor, ASML Holding N.V. ("ASML"), has been infringing Nikon's patents for many years. Applic. at 1, ECF 1. Nikon has instituted patent infringement proceedings against ASML in the Netherlands, where ASML manufactures its allegedly infringing microlithography systems, and in Japan, where Nikon is headquartered. *Id.* Nikon also has instituted patent infringement proceedings in Germany against ASML's optical component supplier, Carl Zeiss SMT GmbH ("Zeiss"). *Id.*

On June 6, 2017, Nikon filed an application in this district pursuant to 28 U.S.C. § 1782, seeking leave to obtain discovery from third-party GlobalFoundries for use in its foreign proceedings against ASML and Zeiss. Applic. at 1, ECF 1. GlobalFoundries is a semiconductor chip maker and one of ASML's largest customers. Id. at 2. Nikon seeks leave to serve a subpoena on GlobalFoundries requiring production of five categories of documents: (1) "All manuals, instructions, guides, and reference materials regarding the use, operation, maintenance, testing, calibration, installation, and troubleshooting of each ASML Product"; (2) "All presentation materials, brochures, and training (including DVDs and computer-based training) materials regarding any and all of the ASML Products"; (3) "All records of maintenance for the ASML Products, and all lists, specifications and instructions regarding repair, replacement or upgrade of parts or components for the ASML Products"; (4) "Photographs, diagrams, drawings, schematics, depictions, and accompanying explanatory text" regarding specified features of the ASML Products; and (5) "Videos, DVDs and depictions of the movements of the wafer stages in the ASML Products." Subpoena, ECF 1-2.

Nikon's application was assigned to Judge van Keulen, who heard argument on August 15, 2017. Minute Entry, ECF 20. Judge van Keulen granted Nikon's application orally at the hearing and issued a written order on August 17, 2017. The written order directs GlobalFoundries to provide the discovery in question within forty-five days, or by October 2, 2017.[1]

---

[1] Because the last day of the forty-five day period falls on Sunday, October 1, 2017, the deadline for production is extended to Monday, October 2, 2017. *See* Fed. R. Civ. P. 6(a) (providing that

On August 28, 2017, GlobalFoundries filed a Motion for De Novo Review of Dispositive Matter Referred to Magistrate Judge and a Motion to Stay Judge van Keulen's ruling pending disposition of its Motion for De Novo Review. Motions, ECF 27, 28. While GlobalFoundries intended its Motion to Stay to be an administrative motion submitted for immediate determination pursuant to Civil Local Rule 7-11, the captions of both motions state that they will be heard on October 3, 2017 at 10:00 a.m. before a judge "TBD," and the caption of the Motion to Stay states "Oral Argument Requested." *Id.* As a result, both motions appeared to be noticed motions.

The action thereafter was reassigned to the undersigned judge. Order Reassigning Case, ECF 30. Pursuant to normal practice, the undersigned's courtroom deputy clerk reset the motions for hearing on the undersigned's next available law and motion date, which was February 1, 2018. Clerk's Notice, ECF 37. After reassignment of the case but before entry of the Clerk's Notice resetting the noticed motions, GlobalFoundries filed an Administrative Motion to Stay Judge van Keulen's ruling, docketing it as "Correction of Docket No. 28," which was GlobalFoundries' earlier Motion to Stay. Admin. Motion, ECF 35. The Administrative Motion to Stay erroneously was set for hearing on February 1, 2018 along with the earlier-filed Motion to Stay and the Motion for De Novo Review. Clerk's Notice, ECF 37.

On September 20, 2017, GlobalFoundries filed an Emergency Administrative Motion for an Interim Stay of Judge van Keulen's order, clarifying the urgency of its request for a stay in light of the impending document production deadline of October 2, 2017. While Nikon has not had an opportunity to respond to GlobalFoundries' Emergency Administrative Motion for an Interim Stay, and it did not file a response to GlobalFoundries' Administrative Motion to Stay, Nikon did file opposition to GlobalFoundries' earlier-filed Motion to Stay. Under these circumstances, the Court finds it appropriate to address the Motion to Stay at this time and to terminate the Administrative Motion to Stay and the Emergency Administrative Motion to Stay as moot. The Court will address the Motion for De Novo Review in a separate order as soon as is practicable.

---

when computing any time period provided in a court order, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

## II. DISCUSSION

It is unclear what legal standard governs the Motion to Stay. GlobalFoundries uses the *Winter*[2] factors applicable to motions for injunctive relief, relying on *Humane Society of the United States v. Gutierrez*, in which the Ninth Circuit applied *Winter* to a motion to stay the lethal removal of California sea lions pending appeal of a decision of the National Marine Fisheries Services authorizing such removal. *See Humane Society of the United States v. Gutierrez*, 558 F.3d 896 (9th Cir. 2009). Nikon argues the *Winter* factors in response to GlobalFoundries' motion, but it also relies on S*ilva v. TEKsystems, Inc.*, which holds that a motion to stay discovery may be granted on a showing of good cause and reasonableness. *See* S*ilva v. TEKsystems, Inc.*, No. 12-CV-05347-LHK, 2013 WL 3388255, at *2 n.1 (N.D. Cal. July 8, 2013). *Silva* explains that "[b]ecause a motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery," such motion is governed by Federal Rule of Civil Procedure 26(c). *Id.* Rule 26 provides in relevant part that: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The Court concludes that Rule 26 governs the Motion to Stay because it specifically addresses the relief GlobalFoundries seeks, a stay of discovery. Several district courts in the Ninth Circuit have applied Rule 26 when deciding whether to stay discovery. *See, e.g.,Gray v. Romero*, No. 113-cv-01473-DAD-GSA-PC, 2017 WL 3484501, at *1 (E.D. Cal. Aug. 14, 2017) ("Stays of proceeding in federal court, including stays of discovery, are committed to the discretion of the trial court."). This approach comports with the Ninth Circuit's statements that "[t]he district court has wide discretion in controlling discovery," and "[s]uch rulings will not be overturned unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Good cause exists to stay Judge van Keulen's order for the short period of time necessary for the Court to evaluate GlobalFoundries' challenge to the order and issue a reasoned decision.

---

[2] *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).

4

GlobalFoundries, a third party to the patent disputes between Nikon and several foreign entities, has been asked to locate and produce what appears to be a large volume of documents in a short period. GlobalFoundries understandably wishes to avoid the expenditure of time and resources necessary to comply with Judge van Keulen's order if there is a reasonable chance that its challenge to that order will be successful.

Nikon argues that requiring GlobalFoundries to make the production now would not prejudice GlobalFoundries, because Nikon has agreed to bear the cost. However, GlobalFoundries still would have to disrupt its normal business operations by diverting employees to the task. Nikon asserts that any delay in production would jeopardize its ability to meet January 2018 deadlines in the Netherlands and Germany. While the Court is sympathetic to Nikon's obligations in other fora, Nikon is the entity seeking to impose its legal disputes on a third party who wants no part of them. Moreover, the Court will make every effort to minimize any delay by issuing a decision on the motion for review as quickly as possible.

### III. ORDER

(1) GlobalFoundries' Motion to Stay (ECF 28) is GRANTED; the stay shall expire upon the Court's issuance of a decision on GlobalFoundries' Motion for De Novo Review (ECF 27).

(2) GlobalFoundries' Administrative Motion to Stay (ECF 35) and Emergency Administrative Motion for an Interim Stay (ECF 43) are terminated as MOOT;

(3) GlobalFoundries' Motion for De Novo Review (ECF 27) is SUBMITTED for disposition without oral argument; and

(4) The February 1, 2018 hearing is VACATED.

Dated: September 22, 2017

BETH LABSON FREEMAN
United States District Judge