**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLICATION PURSUANT TO 28 U.S.C. § 1782 BY NIKON CORP., <br><br> Petitioner, <br><br> v. <br><br> GLOBALFOUNDRIES U.S., INC., <br><br> Respondent. | Case No. 17-mc-80071-BLF <br><br> **ORDER DENYING RESPONDENT GLOBALFOUNDRIES' MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S ORDER** <br><br> [Re: ECF 27] |

Respondent GlobalFoundries U.S., Inc. seeks relief from Magistrate Judge Susan van Keulen's order granting Petitioner Nikon Corporation's application for leave to take discovery for use in foreign proceedings under 28 U.S.C. § 1782. On September 22, 2017, the Court stayed Judge van Keulen's order and submitted GlobalFoundries' motion for relief without oral argument. *See* Order Granting Respondent's Motion for Stay, ECF 46. The motion is DENIED for the reasons discussed below.

**I.  BACKGROUND**

Nikon makes microlithography systems, which are used in semiconductor fabrication. Nikon has instituted patent infringement proceedings against a competitor, ASML Holding N.V. ("ASML"), in the Netherlands and in Japan. Nikon's Applic. at 1, ECF 1. Nikon also has instituted patent infringement proceedings in Germany against ASML's optical component supplier, Carl Zeiss SMT GmbH ("Zeiss"). *Id.* On June 6, 2017, Nikon filed an application in this district pursuant to 28 U.S.C. § 1782, seeking leave to obtain discovery from third-party GlobalFoundries for use in its foreign proceedings against ASML and Zeiss. *Id.* GlobalFoundries is a semiconductor chip maker and one of ASML's largest customers. *Id.* at 2. Nikon seeks leave to serve a subpoena on GlobalFoundries requiring production of five categories of documents: (1) "All manuals, instructions, guides, and reference materials regarding the use, operation,

1  maintenance, testing, calibration, installation, and troubleshooting of each ASML Product";

2  (2) "All presentation materials, brochures, and training (including DVDs and computer-based

3  training) materials regarding any and all of the ASML Products"; (3) "All records of maintenance

4  for the ASML Products, and all lists, specifications and instructions regarding repair, replacement

5  or upgrade of parts or components for the ASML Products"; (4) "Photographs, diagrams,

6  drawings, schematics, depictions, and accompanying explanatory text" regarding specified

7  features of the ASML Products; and (5) "Videos, DVDs and depictions of the movements of the

8  wafer stages in the ASML Products."  Subpoena, ECF 1-2.

Judge van Keulen, to whom Nikon's application initially was assigned, held a hearing on August 15, 2017 and granted the application on the record at the close of argument. Minute Entry, ECF 20. Two days later, on August 17, 2017, she followed up with a written order granting Nikon's application and directing GlobalFoundries to provide the documents in question within forty-five days, or by October 2, 2017. Judge van Keulen's Order, ECF 26. GlobalFoundries filed the present motion for relief from Judge van Keulen's order on August 28, 2017, and the case was reassigned to the undersigned on August 30, 2017. Nikon filed opposition on September 11, 2017 and GlobalFoundries filed a reply on September 18, 2017.

## II. LEGAL STANDARD

The parties disagree as to the legal standard applicable to GlobalFoundries' motion for review of Judge van Keulen's order. GlobalFoundries has framed its motion as a motion for de novo review of a "dispositive" ruling of a magistrate judge. Nikon challenges GlobalFoundries' characterization of Judge van Keulen's order, asserting that a magistrate judge's order permitting discovery under 28 U.S.C. 1782 is a "non-dispositive" ruling subject to review for clear error.

Under 28 U.S.C. § 636(b)(1)(A), a judge may refer a non-dispositive matter to a magistrate judge as follows:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

2

28 U.S.C. § 636(b)(1)(A). When a magistrate judge rules on a non-dispositive matter governed by § 636(b)(1)(A), the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Under 28 U.S.C. § 636(b)(1)(B), a judge may refer a dispositive matter to a magistrate judge for a recommended disposition. 28 U.S.C. § 636(b)(1)(B). The magistrate judge "must promptly conduct the required proceedings when assigned," make a record of all evidentiary proceedings, and "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Neither the Supreme Court nor the Ninth Circuit has squarely addressed which standard a district court is to apply to a magistrate judge's order on an application for discovery under 28 U.S.C. 1782. In *Four Pillars Entertainment Co., Ltd. v. Avery Dennison Corp.*, 308 F.3d 1075 (9th Cir. 2002), the Ninth Circuit reviewed an order granting in part and denying in part a request for discovery under § 1782. The order was issued by the magistrate judge assigned to the case and reconsideration was denied by the district judge. *Id.* at 1078. The Ninth Circuit applied an abuse of discretion standard in reviewing the order, holding that "[t]he magistrate judge did not abuse his discretion in denying much of the relief sought . . . pursuant to 28 U.S.C. § 1782" and that the district judge "did not abuse his discretion in denying reconsideration of that order." *Id.* at 1078, 1081. Although the Ninth Circuit did not discuss expressly the scope of the magistrate judge's authority, some courts within the Ninth Circuit have relied on *Four Pillars* in concluding that a § 1782 application is a non-dispositive matter subject to review for clear error under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). *See, e.g., In re Application of Rainsy*, No. 16-mc-80258-DMR, 2017 WL 528476, at *1 n.1 (N.D. Cal. Feb. 9, 2017). The majority of other courts to address the issue, both in and out of the Ninth Circuit, have reached the same conclusion on other grounds. *See, e.g.,In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Europe GmbH*, No. 5:16-MC-80094-EJD, 2017 WL 3115228, at *3 (N.D. Cal. July 21,

3

2017); *Matter of A Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, No. 2:14-CV-00797-GMN-NJK, 2015 WL 7258483, at *3 (D. Nev. Nov. 17, 2015); *Interbrew Cent. European Holding BV v. Molson Coors Brewing Co.*, No. 13-CV-02096-MSK-KLM, 2013 WL 5567504, at *1 (D. Colo. Oct. 9, 2013).

GlobalFoundries has not cited, and this Court has not discovered, a single case within the Ninth Circuit holding that a magistrate judge's order on a § 1782 application is a dispositive ruling subject to de novo review. GlobalFoundries' citation *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557 (9th Cir. 2011), does not advance its position. While the Ninth Circuit held in that case that an order granting discovery under § 1782 is a final order for purposes of appellate jurisdiction, it did not address the appropriate characterization of such an order as dispositive or non-dispositive for purposes of 28 U.S.C. § 636 or Federal Rule of Civil Procedure 72. *Id.* at 567-68. With respect to the cases which do support GlobalFoundries' position, this Court finds them to be unpersuasive. *See, e.g., In Re Green Dev. Corp. S.A. De C.V.*, No. CCB-15-2985, 2016 WL 640791 (D. Md. Feb. 18, 2016) (applying de novo review to magistrate judge's report and recommendation re § 1782 application without discussion of scope of magistrate judge's authority).

Accordingly, this Court will modify or set aside Judge van Keulen's order only to the extent that it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under that standard, Judge van Keulen's factual determinations are reviewed for clear error and will be overturned only if the Court "reaches a definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "The magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law." *Id.*

**III. DISCUSSION**

There is no dispute regarding the substantive law governing Nikon's application. "A district court is authorized to grant a section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a 'foreign or international tribunal,' and (3) the application is made by the foreign or international tribunal or 'any interested person.'" *In*

4

*re Application of Rainsy*, 2017 WL 528476, at *2 (quoting 28 U.S.C. 1782). However, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). If the three statutory factors identified above are satisfied, the district court must exercise its discretion in deciding whether to grant the § 1782 application. *Id.* The Supreme Court has identified several factors, referred to as the "*Intel* factors," to aid courts in exercising their discretion: (1) whether the person from whom discovery is sought is a participant in the foreign case; (2) whether the foreign court is receptive to judicial assistance from the United States; (3) whether the discovery request is an attempt to avoid foreign evidence-gathering restrictions; and (4) whether the discovery request is unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-66.

While GlobalFoundries asserts that Judge van Keulen ignored the *Intel* factors, it is clear from the hearing transcript and from Judge van Keulen's written order that she determined both that the statutory factors were satisfied and the *Intel* factors favored Nikon's application. *See* Hrg. Tr. 18:24, ECF 24 (Judge van Keulen asking counsel for argument under the *Intel* factors); 25:12-13 (same); 36:18-40:18 (discussing statutory factors and *Intel* factors); Judge van Keulen's Order at 1, ECF 26 ("The Court finds that the statutory requirements of 28 U.S.C. § 1782 have been satisfied, and that the discretionary *Intel* factors favor, for reasons stated during the hearing, granting the requested discovery in this case."). Because Judge van Keulen applied the correct legal standards, her ruling is not contrary to law. To the extent that GlobalFoundries believes that Judge van Keulen erred in her findings with respect to each factor, and in her balancing of the factors, it must show that Judge van Keulen's ruling is clearly erroneous in order to obtain relief.

First *Intel* Factor

The first *Intel* factor is whether the person from whom discovery is sought is a participant in the foreign case. "[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*, 542 U.S. at 264. "A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* Judge van Keulen did not specifically address this factor on the record

5

1 or in her order. However, a judge presented with a § 1782 application is "not required to address
2 explicitly every factor or argument." *Akebia Therapeutics*, 793 F.3d at 1112.

The Court notes that GlobalFoundries identifies the first *Intel* factor as "whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid." GlobalFoundries' Mot. at 7, ECF 27. GlobalFoundries copied that phraseology from Judge van Keulen's Order to Show Cause, which had quoted a summary of the *Intel* factors provided in an unpublished decision from the Southern District of New York. *See* Order to Show Cause at 2, ECF 6. The actual language used by the Supreme Court in *Intel* asks whether "the person from whom discovery is sought is a participant in the foreign proceeding," noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. However, to the extent that Judge van Keulen and the parties framed the first *Intel* factor as asking whether the material sought is equally available in the foreign jurisdiction, Judge van Keulen concluded that it "sounds likely that they exist as well in the foreign jurisdiction." Hrg. Tr. 37:3-5. As discussed below, she nonetheless held that despite that factual determination, on balance the factors favored granting Nikon's application.

Second *Intel* Factor

The second *Intel* factor is whether the foreign court is receptive to judicial assistance from the United States. Judge van Keulen made an express finding that the foreign tribunals in the Netherlands, Germany, and Japan "are receptive to U.S. judicial assistance, in this case the receipt and production of documents." Hrg. Tr. 37:6-10, ECF 24. GlobalFoundries does not dispute this.

Third *Intel* Factor

The third *Intel* factor is whether the discovery request is an attempt to avoid foreign evidence-gathering restrictions. Judge van Keulen made a factual finding after a lengthy hearing that "the seeking of documents from a customer in patent litigation as presented on the facts here" does not constitute "circumvention of any foreign proceeding." Hrg. Tr. 37:14-18. GlobalFoundries devotes several pages of argument to this factor, which in the end boil down to its contention that Judge van Keulen's determination is simply wrong and that in fact Nikon is

6

attempting to use § 1782 to circumvent foreign restrictions. Having reviewed the parties' arguments and evidence on this point, including Nikon's citation to authorities holding that seeking more discovery than would be allowed in the foreign jurisdiction does not constitute circumvention, *see In re: Application of Joint Stock Co. Raiffeinsenbank*, No. 16-MC-80203-MEJ, 2016 WL 6474224, at *6 (N.D. Cal. Nov. 2, 2016), this Court cannot conclude that Judge van Keulen's factual finding is clearly erroneous.

Fourth *Intel* Factor

The fourth *Intel* factor is whether the discovery request is unduly intrusive or burdensome. Judge van Keulen found that although some of the discovery requests "may be broad," in her view that did not warrant denying Nikon's application. Hrg. Tr. 37:19-22. Judge van Keulen attempted to mitigate the burden to GlobalFoundries by directing the parties to meet and confer regarding the scope of production and an appropriate protective order. Hrg. Tr. 37:22-25. She also ordered that "Nikon will reimburse GlobalFoundries's reasonable out-of-pocket expenses in locating, copying and delivering to counsel for Nikon the documents produced under this Order." Judge van Keulen's Order at 2 ECF 26.

At the hearing, Judge van Keulen noted that many of the documents requested by Nikon in the present § 1782 application also were requested in a parallel § 1782 application filed by Nikon against ASML US, Inc. ("ASML US") in the United States District Court for the District of Arizona. Judge van Keulen observed that GlobalFoundries and ASML US are represented by the same counsel and stated that she expected counsel to "work out the necessary logistics to avoid duplication of production" in the event that the Arizona application were granted. Hrg. Tr. 38:1-7. The Arizona court subsequently granted in part and denied in part the application before it, ordering production of "document that are possessed, controlled or stored by ASML US in the United States." Arizona Order, Reply Exh. 1, ECF 41-1. It light of that ruling, it may be that the burden of production imposed on GlobalFoundries, already reduced in part by Judge van Keulen's order that Nikon bear the reasonable cost of that production, is reduced even further to the extent that the same documents are covered by both courts' orders.

7

Conclusion

Judge van Keulen applied the correct substantive law to Nikon's § 1782 application. She made factual findings with respect to several of the factors and clearly stated her conclusion that on balance the factors favor granting the application. Thus even though reasonable minds could differ as to the appropriate balancing of the *Intel* factors in this case, this Court will disturb Judge van Keulen's decision only if it is "left with a firm and definitive conviction that a mistake has been made." *Matter of A Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, 2015 WL 7258483, at *4. The Court is not persuaded that a mistake has been made, as Judge van Keulen "has not gone beyond the bounds of what a reasonable person could determine in weighing the evidence the parties presented." *Id.*

The bulk of the forty-five days that Judge van Keulen allotted for production had elapsed prior to this Court's stay of Judge van Keulen's order pending disposition of GlobalFoundries' motion. In recognition of the volume of documents in question, and the need to coordinate the production efforts of GlobalFoundries and ASML US to avoid duplication, the Court extends the deadline for compliance with Judge van Keulen's order to November 15, 2017, thirty days from the date of this order.

## IV. ORDER

For the reasons discussed above,

(1) GlobalFoundries' motion for relief from Judge van Keulen's order is DENIED; and

(2) GlobalFoundries' deadline for compliance with Judge van Keulen's order is EXTENDED to November 15, 2017.

Dated: October 16, 2017

BETH LABSON FREEMAN
United States District Judge

8