Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NIKON CORPORATION,<br>Plaintiff,<br>v.<br>GLOBALFOUNDRIES U.S., INC.,<br>Defendant. | Case No. 17-mc-80071-BLF<br><br>**ORDER DENYING RESPONDENT GLOBALFOUNDRIES' MOTION TO STAY DISCOVERY PENDING APPEAL**<br>[Re: ECF 49] |

On June 6, 2017, Nikon Corporation filed an application in this district pursuant to 28 U.S.C. § 1782, seeking leave to obtain discovery from third-party GlobalFoundries U.S., Inc. for use in foreign proceedings. *See* Application, ECF 1. Magistrate Judge Susan van Keulen granted the application and this Court denied GlobalFoundries' motion for relief from Judge van Keulen's ruling. *See* Order re Application, ECF 26; Order Denying Respondent GlobalFoundries' Motion for Relief, ECF 47. GlobalFoundries now moves to stay the ordered discovery pending appeal. *See* Motion to Stay, ECF 49.

In light of GlobalFoundries' production deadline of November 15, 2017 and Nikon's impending deadlines in the foreign proceedings, the Court granted the parties' stipulated request to shorten time for briefing and to submit the stay motion for disposition upon the filing of the opposition brief. *See* Joint Stipulation and Order, ECF 52. The opposition brief having been filed on October 24, 2017, the motion is ripe for decision.

For the reasons discussed below, the motion to stay is DENIED.

**I.     LEGAL STANDARD**

When addressing a motion to stay pending appeal, a court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks and citation omitted). The first two factors are the most critical. *Id.* Indeed, with respect to the second factor addressing irreparable injury, the Ninth Circuit has made clear that "stays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors." *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011).

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433 (internal quotation marks and citation omitted). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (internal quotation marks, citation, and brackets omitted). The party seeking a stay bears the burden of showing that the circumstances justify a stay. *Id.* at 433-34.

## II. DISCUSSION

In granting Nikon's § 1782 application, Judge van Keulen first determined that the mandatory statutory requirements were satisfied and then determined that a balancing of the discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) favored granting the requested discovery. Order re Application at 1, ECF 26 ("The Court finds that the statutory requirements of 28 U.S.C. § 1782 have been satisfied, and that the discretionary *Intel* factors favor, for reasons stated during the hearing, granting the requested discovery in this case."). GlobalFoundries challenges only the latter determination on appeal, asserting that Judge van Keulen erred in balancing the *Intel* factors. The Court evaluates this challenge under the *Nken* factors identified above.

### A. Likelihood of Success

The Ninth Circuit reviews Judge van Keulen's ruling, and this Court's denial of relief from that ruling, for abuse of discretion. *See Four Pillars Entertainment Co., Ltd. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078, 1081 (9th Cir. 2002) (holding that "[t]he magistrate judge did not abuse his discretion in denying much of the relief sought . . . pursuant to 28 U.S.C. § 1782" and that the district judge "did not abuse his discretion in denying reconsideration of that order"). Under that standard, reversal is appropriate "only when the district court reaches a result that is

2

illogical, implausible, or without support in the inferences that may be drawn from the record." *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010). The Ninth Circuit will "uphold a district court determination that falls within a broad range of permissible conclusions, provided the district court did not apply the law erroneously." *Id.* As discussed at length in this Court's order denying relief from Judge van Keulen's ruling, Judge van Keulen applied the correct legal standards and her ruling was based on factual findings which were supported by the record evidence. *See* Order Denying Respondent GlobalFoundries' Motion for Relief, ECF 47. Judge van Keulen's ruling therefore was within the broad range of permissible outcomes.

With respect to GlobalFoundries' argument that this Court should have reviewed Judge van Keulen's ruling de novo rather than for clear error, GlobalFoundries has not explained why the Ninth Circuit would adopt that view when the vast majority of cases to address the issue have gone the other way. *See, e.g., In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Europe GmbH*, No. 5:16-MC-80094-EJD, 2017 WL 3115228, at *3 (N.D. Cal. July 21, 2017); *In re Application of Rainsy*, No. 16-mc-80258-DMR, 2017 WL 528476, at *1 n.1 (N.D. Cal. Feb. 9, 2017); *Matter of A Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, No. 2:14-CV-00797-GMN-NJK, 2015 WL 7258483, at *3 (D. Nev. Nov. 17, 2015); *Interbrew Cent. European Holding BV v. Molson Coors Brewing Co.*, No. 13-CV-02096-MSK-KLM, 2013 WL 5567504, at *1 (D. Colo. Oct. 9, 2013). It seems highly unlikely that the Ninth Circuit would find all of those decisions unpersuasive and instead agree with the lone out-of-circuit decision which supports GlobalFoundries' position. *See In Re Green Dev. Corp. S.A. De C.V.*, No. CCB-15-2985, 2016 WL 640791 (D. Md. Feb. 18, 2016) (applying de novo review to magistrate judge's report and recommendation re § 1782 application without discussion of scope of magistrate judge's authority).

GlobalFoundries thus has not demonstrated a strong likelihood of success on appeal.

**B.     Irreparable Injury to Moving Party Absent Stay**

Nor has GlobalFoundries established that it will suffer irreparable injury absent a stay. GlobalFoundries argues in its brief that "absent a stay, GlobalFoundries will be seriously and irreparably harmed by the production of confidential business materials." Motion to Stay at 4,

3

ECF 49. The documents comprise manuals, reference materials, specifications, and the like regarding the products of another entity, ASML. GlobalFoundries has not submitted a declaration or other evidence showing that these documents nonetheless constitute *GlobalFoundries'* confidential business materials or explaining how disclosure of the documents would harm it. Without such evidence, the Court cannot credit GlobalFoundries' assertion of irreparable harm, especially given that any disclosure would be subject to the protective order issued in this case. *See* Protective Order, ECF 34.

GlobalFoundries also argues that its "employees will be required to take time away from work searching for documents in order to comply with an overly broad subpoena." Motion to Stay at 4, ECF 49. The burden of complying with a subpoena does not constitute irreparable injury. *See Castaneda v. United States*, No. CV 07-07241 DDP, 2008 WL 9449576, at *4 (C.D Cal. May 20, 2008) ("The Court acknowledges that discovery can be burdensome. However, such a burden, while regrettable, does not constitute an irreparable injury."). This is particularly true where, as here, the party seeking discovery is required to bear the reasonable costs of such discovery. *See* Order re Application at 2, ECF 26.

### C. Effect of Stay on Interested Parties

A stay would substantially injure Nikon's interests, because Nikon would not receive the discovery to which it is entitled under Judge van Keulen's order until after expiration of January 2018 deadlines in the foreign proceedings.[1] GlobalFoundries argues that "those deadlines are self-inflicted," that is, imposed as a result of Nikon's voluntary use of procedures involving an expedited schedule. Motion to Stay at 4, ECF 49. The fact remains that the deadlines exist, and other courts have refused to grant a stay of discovery pending appeal under such circumstances. *See, e.g., In re ROZ Trading*, No. 06-cv-023050WSD, 2007 WL 120844, at *3 (N.D. Ga. Jan. 11, 2007) ("If this Court grants the requested stay, Petitioner runs the significant risk that the arbitration will proceed regardless of the stay, and that Petitioner will be unable to obtain relevant documents before the arbitral panel reaches a decision.").

---

[1] While Nikon has not submitted evidence of those deadlines in connection with the motion to stay, there is no dispute between the parties that the deadlines exist.

4

**D.     Public Interest**

Finally, the public interest does not favor a stay. The dual purposes of § 1782 are "to provide efficient assistance to participants in international litigation and to encourage foreign countries by example to provide similar assistance to our courts." *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir 2015) (internal quotation marks, citation, and alterations omitted). Those purposes would be frustrated by a stay order which effectively would strip Nikon of the assistance to which it is entitled under Judge van Keulen's order.

GlobalFoundries argues that the public interest favors a stay to ensure that the Ninth Circuit has an opportunity to review the grant of Nikon's § 1782 application on the merits. However, as discussed above, GlobalFoundries has not identified any irreparable harm which would result from compliance with Judge van Keulen's order. While GlobalFoundries clearly would prefer that the Ninth Circuit have an opportunity to review its challenges to Judge van Keulen's order before producing the discovery in question, that preference does not implicate the public interest.

**E.     Conclusion**

After careful consideration of the four *Nken* factors, the Court concludes that GlobalFoundries has failed to carry its burden of establishing that a stay pending appeal is warranted in this case. Importantly, GlobalFoundries has not shown that it would suffer irreparable injury absent a stay. Absent such a showing, this Court is without authority to grant a stay. *See Leiva-Perez,* 640 F.3d at 965 ("[S]tays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors."). Nor has GlobalFoundries shown that any of the *Nken* factors favor a stay here.

**III.     ORDER**

GlobalFoundries' motion to stay discovery pending appeal is DENIED.

Dated: October 26, 2017

BETH LABSON FREEMAN